McCLAIN v. PROVIDENT SAVINGS & LIFE ASSUR. SOC. OF NEW YORK.

(Circuit Court, E. D. Pennsylvania. January 9, 1901.)

No. 55.

LIFE INSURANCE—AVOIDANCE OF POLICY FOR MISREPRESENTATION—WARRANTIES IN APPLICATION.

Where a policy of life insurance states that it is issued in consideration, inter alia, of the "statements and agreements" contained in the application, and the application closes with the declaration: "I hereby declare that I have read and understand all the above questions and the answers thereto, and they are hereby made part of my application for assurance, * * * and I hereby warrant said answers as written to be true,"—the answers to the questions in such application are warranties, and not merely representations, and, if any of them are untrue, it avoids the policy, without regard to the question of their materiality, or the good faith of the insured.

On Motions for Judgment upon Special Verdict and Motion for New Trial.

Joseph H. Brinton, for plaintiff.
Francis Rawle, for defendant.

J. B. McPHERSON, District Judge. At the trial I was disposed to give the jury binding instructions in favor of the defendant, but, in order that certain controverted questions of fact might be determined in case it should be important or desirable to have such determination, I asked the jury to find a special verdict upon these questions, and to submit to the court the legal effect of the facts so found. This was done by the jury, and the case is now before me on a motion by the plaintiff for judgment in her favor, a similar motion on behalf of the defendant, and a motion by the defendant for a new trial. I should grant a new trial with little hesitation if I did not

think that the case could properly be ended now (so far as this court is concerned) by the entry of judgment in favor of the defendant on the special verdict.

In two respects, as the jury have found, the answers of the insured in his application were untrue. He had had the disease of dyspepsia before April 27th, the day when the application was made, and he had been attended by a physician before the same date, although the application denied that he had ever had dyspepsia, and contained the answer, "Had no medical attendance," in reply to the question, "When and by what physician were you last attended, and for what complaint?" In my opinion, the insured warranted these answers to be true, and therefore their materiality, or the good faith of the insured in making the answers, is not to be considered. Accordingly, the finding of the jury upon these two points—materiality and good faith—may be properly disregarded. Moulor v. Insurance Co., 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447, was cited as a decisive authority in favor of the plaintiff's position that the answers in controversy are representations only, and not warranties. I cannot assent to this view of that case. The policy there expressly declared the answers to be "representations," while the application itself only warranted "that the above are fair and true answers"; adding: "It is acknowledged and agreed   *   *   *   that if there be, in any of the answers herein made, any untrue or evasive statements, or any misrepresentation or concealment of facts," the policy should be null and void. This was evidently a warranty of fairness and good faith only, and such a warranty is equivalent to a mere representation. In the case in hand, however, the policy refers to the "statements and agreements"—not to the "representations"—in the application, and neither "statement" nor "agreement" is opposed to "warranty," or qualifies it in the least. A warranty is an agreement; an answer is a statement; and the policy therefore says, in other words, that in consideration, inter alia, of the answers and warranties of the application, the contract is made. "Representation" has a technical meaning; "statement" is a colorless word. Neither does the application warrant fairness merely, but warrants that "all the statements contained in part 1 and part 2 of this application * * * are * * * full, true, and complete"; adding also the unnecessary clause, "and that, if any concealment or fraudulent or untrue statement be made," the policy shall be void. Even if this cumulation of provisions—one being a clear warranty, and the other being, therefore, a superfluous addition—should be thought to reduce the warranty so as to make the answers merely representations, there still remains the concluding sentence of the application, separated by many questions and answers from the provisions I have just been considering. I think this sentence should be taken as the final word of the parties on the subject, the final explicit declaration of the insured: "I hereby declare that I have read and understand all the above questions and the answers thereto, and they are hereby made part of my application for assurance by the Provident Savings & Life Assurance Society of New York, and I hereby warrant said answers as written to be true. *   *   *" This is an unqualified agreement, and, to my mind, is

decisive. It follows immediately the answers complained of, and, in my opinion, makes them warranties.

But, if this construction of the contract should be wrong, and·if. these answers are held to be representations only, it may be proper to suggest to the court of appeals that the plaintiff should not be allowed to have judgment upon the special verdict, but that the case should be sent back for a new trial. As it seems to me, the weight of· the evidence is against the verdict, and ought to have led to a. different result.

Judgment may be entered in favor of the defendant upon the spe-· cial verdict.